C. E. VANDERCOOK *vs.* PATRICK J. O'CONNOR & another.

Hampden.   November 14, 1898. — January 4, 1899.

Present: FIELD, C. J., HOLMES, MORTON, & LATHROP, JJ.

*Conversion — Partnership — Sufficiency of Evidence — Qualification of Expert — Exceptions — Mortgage.*

Where an exception to a refusal to direct a verdict for the defendants is put on the ground, which appears to be an afterthought, that the evidence that they were partners was insufficient, slight evidence to that effect uncontroverted will be deemed sufficient.

At the trial of an action for the conversion of certain bottles, a witness testified to the market value thereof at the time of a conditional sale in question in H. He had been in the bottling business over thirty years, and in H. eleven years, and he testified that he knew the market value of bottlers' supplies in H. at the time. He bought these very bottles with his own name blown in them, and previously had often bought bottles with other men's names blown in them. *Held*, that it could not be said that the experience of the witness showed that the judge exercised his discretion wrongly in admitting the evidence.

It is a sufficient answer to an exception to the exclusion of evidence that the date of a mortgage of personal property had been changed after recording so as to show, contrary to the fact, that it was recorded in time and was valid, that there was no evidence that the mortgage covered the merchandise in question, and that there was express evidence that it did not cover it.

TORT, for the conversion of twenty-seven gross of bottles. At the trial in the Superior Court, before *Bond*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*A. L. Green*, for the defendants.

*N. P. Avery*, for the plaintiff.

HOLMES, J.   This is an action for the conversion of twenty-seven gross of bottles, and the case is here on exceptions. The first exception is to a refusal to direct a verdict for the defendants.   There was evidence that the plaintiff had sold the bottles to one Esther J. Winn upon condition that the title should not pass until the bottles were paid for, and that they had not been paid for.   Mrs. Winn sold out her business to the defendants, and the defendants converted the bottles.   This exception is not much pressed.   It is put on the ground that the evidence that the defendants were partners, that is, we suppose, that they were jointly liable for the tort, was insufficient. As this objection to all appearance is an afterthought, and as there is no indication of any question having been made upon the point at the trial, slight evidence uncontroverted will be deemed sufficient here.   The sale was to P. J. O'Connor and Company.   Mrs. Winn's husband, who remained in the defendants' employment as their foreman, testified to the bottles having been used by the defendants in their business as required. Under the circumstances, at least, this is enough.

Another exception, also not much pressed, was taken to the admission of the testimony of the same witness to the market value of these bottles at the time of the conditional sale in Holyoke.   He had been in the bottling business over thirty years, and in Holyoke eleven years, and testified that he knew the market value of bottlers' supplies in Holyoke at this time.   He bought these very bottles with his own name blown in them, and previously, it would seem often, had bought bottles with other men's names blown in them.   If we assume what is not expressly stated, and take it that we have all the evidence of the witness's experience before us, we cannot say that it shows that the judge exercised his discretion wrongly in admitting the evidence.

On cross-examination of the plaintiff, it was brought out that he had taken a mortgage of certain goods from Mrs. Winn before the date of her sale to the defendants, and after the plaintiff's alleged conditional sale of these bottles to her.   The defendants offered to prove that the date of the mortgage had been changed

after recording, so as to show, contrary to the fact, that it was recorded in time and was valid. This evidence was excluded. It is urged that it should have been admitted, on the ground that the fact of time throws light upon the alleged conditional sale, and strengthens the defendants' argument from various circumstances not necessary to be stated that the document purporting to make the conditional sale was fictitious, and was got up after the mortgage was discovered to be invalid. The short answer to this exception is that there was no evidence that the mortgage covered the bottles in question, and there was express evidence that it did not cover them, in which case the whole argument falls to the ground.          *Exceptions overruled.*